## HOLDER v B F GOODRICH CO

Ohio Appeals, 9th Dist, Summit Co

No 2812. Decided Jan 15, 1937

Cowan, Adams & Adams, Columbus, for appellee.

Waters, Andress, Wise, Roetzel & Maxon, Akron, for appellant.

## OPINION

By WASHBURN, J.

This is a workmen's compensation case. Stone Holder, the appellee, will be referred to as the claimant, and The B. F. Goodrich Co., the appellant, a self-insuring employer, will be referred to as the company.

Claimant went to work for the company on August 15, 1919, and he worked for the company for the ensuing 10 days and for no longer, and soon after returned to his home in Tennessee.

On February 24, 1920, claimant filed with the Industrial Commission an application for adjustment of his claim for compensation, claiming that during said employment the handle of the truck which he was pushing struck him in the region of the abdomen, by reason of which he sustained an injury to his left side, causing a left inguinal hernia.

The company had theretofore, on January 29, 1920, reported to the Industrial Commission that claimant made to it such claim of injury, and the company filed an answer to such claim admitting that the claimant had an incomplete hernia, but denied that it was of traumatic origin.

On June 16, 1920, the Industrial Commission, acting upon proofs submitted by the parties, found the jurisdictional questions of employment and injury in favor of the claimant and allowed him, for temporary total disability, compensation for a period of two weeks. Claimant appealed from such ruling to the Common Pleas Court.

On April 4, 1921, the Common Pleas Court sustained a demurrer to the petition filed upon said appeal, and later, on October 31, 1921, dismissed said appeal proceedings for want of prosecution.

On September 23, 1921, claimant filed with said commission an application for rehearing of his claim. Subsequently thereto, additional proofs were made by the parties, and the commission made an independent investigation; and on May 3, 1922, the commission ordered the company to provide "corrective operation and pay compensation for the period of disability resulting therefrom," that the case be closed, that said operation be performed by a surgeon of the claimant's choosing, satisfactory to the company, and that the company should pay the medical bills therefor.

The compensation allowed by said order was likewise for temporary total disability. In addition thereto, the claimant was claiming compensation for partial disability, as provided for in §1465-80, GC, but nothing was said by the commission concerning that part of his claim.

Claimant filed in the Common Pleas Court an appeal from said order, which

appeal was dismissed on October 9, 1923.

Said operation was performed in Tennessee in May of 1923, and the company paid the bills and compensation according to said order; the date of the last payment of such compensation being, according to the record, some time in September, 1923.

On May 15, 1928, claimant filed in the Common Pleas Court an application to set aside the entry of said dismissal of his second appeal to the Common Pleas Court, which had been made on October 9, 1923, and to reopen the case, and a demurrer to such application was sustained by the court on June 5, 1928.

On May 29, 1933, claimant filed with the Industrial Commission an application for modification of award, and to that application the company filed its answer on June 10, 1933, admitting that said claimant was in its employ in August, 1919, but denying that any disability he might have was a result of injury, and setting forth the award made by the commission on May 3, 1922, which it claimed was a final order to which no application for a rehearing was filed, and denying the jurisdiction of the commission to entertain such application.

Upon the hearing of said application for modification of award, the commission made the following order:

"This day, to-wit: July 26th, 1933, this claim coming on for further hearing for the consideration of the commission of the application for modification of award filed by the claimant herein, and the other proof on file, which matters being duly and fully considered by the commission, it is the finding of the commission from the proof of record that claimant apparently did sustain minor injury as alleged, August 15th, 1919; that claimant was last compensated September 9th, 1919. It is the further finding of the commission that the application for modification of award was not filed until May 29th, 1933, more than ten years after date of last payment of compensation.

"Wherefore, it is ordered that the application for modification of award, filed May 29th, 1933, be dismissed."

Claimant appealed from said order to the Common Pleas Court. Claimant's petition filed in this cause on said appeal alleges "that due to the said injury he received on August 15, 1919, he has been partially disabled from doing work since the date of last compensation, to-wit, September 25, 1923, to the present time; that at the present time the said left hernia has recurred; that as a result of said injury of August 15, 1919, he suffers severe pain with said hernia; that he is temporarily and partially disabled as a result of said injury; that his average weekly wage at the time of said injury was $28."

By demurrer and answer, the company challenged the jurisdiction of the Common Pleas Court over the subject-matter, and by subsequent appropriate action has preserved that question in the record, and the company, throughout this controversy, has at all times denied that the claimant suffered an injury in the course of his employment or that he was disabled by reason of such an injury.

The trial resulted in a finding by the jury that the claimant was entitled to compensation from the company "from the first day of October, 1923, for a period of 312½ weeks at $12 per week, and in the total sum of $3,750," and judgment was rendered upon said verdict; claimant's attorneys being allowed a fee of $1,000 to be paid as a part of the costs in the action.

In a former hearing in this court, we passed upon the jurisdictional question, but not in such a manner as to be binding upon this court in this action. We have re-examined the question and have not changed our minds in reference thereto, and, having expressed our views in a former opinion, we content ourselves with the restatement of our position, which is this:

Jurisdiction is the power to hear and determine.

The question was whether the commission had power to hear the evidence and determine whether claimant was entitled to compensation in addition to that required by the previous orders of the commission.

The commission had such power unless it was prevented from exercising the same by the provisions of §1465-86, GC, as amended July 8, 1931.

Whether the commission was so prohibited by said section depended upon a question of fact as to whether 10 years had elapsed after the last payment of compensation.

The commission erroneously determined that fact against claimant and dismissed his application for a modification.

The commission had power to determine that question of fact, and, when it did so, it determined a jurisdictional question which went to the basis of claimant's right, and therefore claimant was entitled to appeal, unless his failure to file an appli-

cation for a rehearing, which is now required by the provisions of §1465-90, GC, and which has been so required since the amendment of said statute in 1925 (111 O. L., at page 227), prevented such appeal.

As to such claim, we hold that at the time of such amendment claimant had a pending proceeding for compensation before the commission, and that his right to appeal was not governed by such amendment but by the provisions of the statute in force at the time his proceeding was begun, and that under such statute he had a right to appeal without the filing of an application with the commission for a rehearing.

At the request of claimant, the trial court charged the jurors that if they found that plaintiff received the injury complained of in his petition in the course of and arising out of his employment with the company, "and that such injury has proximately aggravated, activated, or accelerated a pre-existing condition to produce a disability which has impaired or does impair his earning capacity, and for which disability he has not been compensated, then your verdict shall be for the plaintiff."

It is claimed by the company that the court erred in so charging the jury, because no issue as to such matter was presented by the pleadings or by the evidence; and there is force in such contention.

The testimony of the claimant was to the effect that, up to the time of said claimed accident, he had had no hernia, and was free from any weakness whatsoever in that particular; and there is no direct evidence to the contrary.

The only testimony in the record that could be claimed to indicate that the claimant, at the time of the claimed accident, was diseased or that there was any pre-existing condition that could be "aggravated, activated or accelerated" by such claimed injury, is the testimony of some doctors who testified as experts only on the question of whether or not what claimant testified happened at the time of the claimed injury could have caused a hernia; such testimony was developed on cross-examination of the company's experts to strengthen claimant's testimony that he had the accident and resultant injury, and not to prove a pre-existing weakened condition; and said charge of the court introduced as a controlling element a matter not plead, and afforded an opportunity to the jury to conjecture and speculate in reference thereto.

It should be observed that claimant was seeking compensation for an injury claimed to have occurred in August of 1919, but only for the period after September 25, 1923; and the evidence at the trial disclosed, as bearing on the cause of the disability of the claimant, that he had not only the hernia of which he complains—i.e., on the left side—but also a hernia on the right side, which at the time of trial he had had for some time and for which the company was in no wise responsible, and that he had arthritis of the spine and a thickening of the knee, with some limitation of flexion, and varicosities on both legs.

It should be further borne in mind that claimant delayed, for about a year, having the operation which the commission ordered he should have, and that claimant testified that, after the operative treatment in 1923 for the hernia of which he complains, and which operation was performed by a doctor of his choosing in Tennessee and paid for by the company, he suffered a recurrence of the hernia within a very short time, and the evidence discloses that he did not report that fact to the company or the Industrial Commission for several years thereafter. During all of that time, and even at the time of trial, his condition in reference to the hernia of which he complained, could have been remedied by an operation of a simple character, not involving serious suffering or danger, and from which operation relief or aid was practically a certainty, according to the evidence in the record. It is therefore apparent that during the period for which compensation was sought, claimant was aging and developing disability factors for which the company was in no wise responsible.

In view of such other disabling factors, we think that the court would have been justified in refusing to give said charge because of its tendency to induce the jury to make no distinction between impairment of earning capacity due to the hernia complained of, and such other disabling factors, and that when all of the circumstances shown by the record are considered, it was error to give said charge.

It is also urged that the finding of the jury that claimant was injured in 1919 and that such injury resulted in the impairment of the earning capacity of the claimant to the extent found by the jury, is manifestly against the weight of the evidence.

If the claimant was entitled to compensation (his disability not being one specified in the schedule of §1465-80, GC), it

was for "the impairment of his earning capacity" caused by the injury of 1919, and not for an impairment from other causes.

The jury allowed claimant the maximum weekly amount for partial impairment of earning capacity, and found that such impairment was caused by the injury of 1919, although claimant did not notify the company of his condition after the operation of 1923, and notwithstanding other disability causes shown by the record, and for which the company was not responsible.

We are unanimously of the opinion that such finding is manifestly against the weight of the evidence.

This action having been begun in the Common Pleas Court in 1933, we are of the opinion that the law in force at that time, which limited that court in the allowance of attorney's fees for the prosecution of the action to a maximum of $500, was binding upon that court, and that in any event the public policy of the state in reference to the allowance of attorney's fees in workmen's compensation cases have been declared by the legislature in 1921 (109 O.L., at p. 298), more than 12 years preceding the bringing of the action, the allowance by the Common Pleas Court of $1,000, in violation of that policy, was the allowance of an unreasonably large fee.

The judgment of the Common Pleas Court will be reversed on the ground that the verdict and judgment are manifestly against the weight of the evidence, and for error in the charge of the court before argument.

FUNK, PJ, and STEVENS, J, concur in judgment.