OPINION
By BARNES, J.
The above-entitled cause is now being determined as an error proceeding by reason of relator’s appeal on questions of law from the judgment of the Court of Common Pleas of Franklin County, Ohio.
On October 24, 1939, plaintiff filed petition in mandamus against the respondent, praying that a writ of mandamus issue requiring the defendant Commission to grant to relator his application for rehearing of its order of January 26; 1937.
The petition in substance alleged that on the 14th day of September,’ 1929, while employed by the H. Belmer Company, Cincinnati, Ohio, which company was at the time a subscriber to the State Insurance Fund under the Workmen’s Compensation Act, he sustained an injury to his eye by flashes from a welder with which he was working. That said injury caused a temporary total disability of plaintiff and he filed application for compensation by reason thereof with the defendant Commission. Said application was granted and he was paid compensation for temporary total disability from the time of the injury until October 20, 1929, at which time he returned to his employment.
Relator further alleges that during the year 1935, suffering some further difficulty with his eye, he filed and presented to the Commis-. sion an application for modification of award, upon which application the defendant Commission, on the 17th day of October, 1939, made the following order:
“Recommend that the application for modification of award be dismissed; that the Commission finds from the proof of record that claimant has failed to prove that he is suffering any disability as the result of an injury sustained in the regular course of and arising out of his employment with the employer named.”
Plaintiff further alleges that on the 19th day of December, 1936, he filed an application for additional compensation from the date of the last payment seeking further compensation upon the ground that the right eye had become involved as the result of the original injury to his left eye. Upon consideration of this application, which set up a new and changed condition subsequent to the last order of the Commission, the Commission made the following order on the 26th day of January, 1937:
“That the Commission find from proof of record in this case as follows: That the Commission on October 17, 1935, denied claimant the right to further participate *357 in the Workmen’s Compensation Fund upon jurisdictional ground; that no application for rehearing was filed herein by the claimant, with the Commission, as provided by §1465-90 GC.
Ordered that-application for additional compensation beyond date of last payment be dismissed.”
Relator says that such order of the defendant Commission under pídate of January 26, 1937, was an /order denying claimant the right ito further participate in the Workqmen’s Compensation Fund upon jurisdictional ground, and that thereafter, within thirty days, he filed with the defendant Commission an application for rehearing. Relator further says that the order of the defendant Commission on October 17, 1935, was an ambiguous order, which was not on its face a denial of the right of further participation upon jurisdictional grounds; and that relator received no notice from the defendant Commission that the order of October 17, 1935, was a jurisdictional denial until he received notice of the finding of the Commission under date of January 26, 1937.
Relator further says that it is the clear duty of the defendant Commission to grant his application for rehearing filed to the order of January 26, 1937; that the defendant Commission arbitrarily refused to perform its said clear duty; and that relator has no adequate remedy at law.
Then follows the prayer, as heretofore mentioned.
On December 21, 1939, respondent filed answer, setting up four separately stated and numbered defenses.
In the first defense the answer admits the major portion of the allegations of plaintiff’s petition, and then denies all allegations that are not specifically admitted. This denial would include the allegations of the petition as to the character of the Commission’s order under date of January 26, 1937,. that said order was ambiguous; that relator received no notice from the Commission of the order of October 17, 1935, as a jurisdictional denial, etc. Also .denies the allegations as to' the duty of the Commission to grant his application for rehearing filed to the order of January 26, 1937; or that the defendant Commission arbitrarily refused to perform its duty; and that relator has no adequate-remedy at law.
As a second defense, the respondent incorporated all the averments of its first defense, and further says that on September 25, 1929,. Edward Reis filed with The Industrial Commission his original application for compensation; that he stated therein that he was engaged as a wire worker; that the accident happened in the following manner: “Was welding and flashes from welder hurt eyes,” and that the full nature of this injury was “retinal hemorrhage and chroiditis.”
Respondent further says that in Part II of said application for payment of compensation, Dr. J; N. Thiel, stated that an accurate description of the nature and extent of the injury was “Hemorrhage of retina and choroiditis due-to welding.”
Defendant further says that on December 13, 1929, Dr. Thiel filed his fee bill, wherein he answered the following questions in the following manner:
“1. Describe the injury of occupational disease fully — Choroiditis of both eyes, with retinal hemorrhage.”
*358 Respondent further says that on September 29, 1934, Edward Reis filed his application for modification of award, wherein he stated that he made said application for the following reasons:
“Further complications arising from original injury.”
He further stated that he had not returned to 'work because of the trouble resulting from the same injury.
“I have not returned to work because the condition of my eyes does not permit.”
The answer further alleges that claimant was referred to Dr. Derrick T. Vail, of Cincinnati, for a special examination. That on November 5, 1934, Dr. Vail filed his report with The Industrial Commission, which is set out in the answer rather fully. Among other things, the report first gives a short history and then says:
“Since then the left vision has gotten worse. The right has remained about the same. Examination shows the evidence of proliferating retinitis both eyes, as a result of choroiditis, which has resulted in a detachment of the retina in the left eye.”
The report after further statement as to finding, contains the following:
“Whatever the etiology, your consultant is of the definite opinion that this is non-traumatic in origin. The effects of ulta-violet or infra-red or a combination of the two could not have produced a lesion such as he shows.”
The respondent further avers that the medical proof filed with the Commission was reviewed by Dr. J. W. Parker, of the respondent’s Medical Department, who stated his conclusion:
“We are unable to see how a flash from a welder would cause a hemorrhage in the eye. We believe that the condition described is „a result of disease rather than injury. We are unable to advise further consideration of this case believing that impairment of vision is the result of disease rather than the result of injury.” j
Respondent further avers that on October 17, 1935, the Commission heard and considered the application for modification of award, and on that date made and entered the order quoted in relator’s petition; that on October 25, 1935, notice in writing was given relator of said order in the following words and figures:
“When your claim was heard on October 17, 1935, the Commission ordered that the application for modification of award be dismissed.
It was the Commission’s finding that you have failed to prove that you are suffering any disability as the result of an injury sustained in the regular course of and arising out of your employment with the employer named, H. Belmer Co.”
Respondent further says that the order of October 17, 1935, was an order denying that respondent had jurisdiction over relator’s claim, and that same was an appealable order going to the basis of his right. Respondent further says that relator filed no application for rehearing and within thirty days from receipt of notice of such order.
*359 Respondent further says that on December 19, 1936, Kdward Reis filed his application for additional compensation beyond the date of last payment, stating the nature of his disability to be as follows:
“Vision of right eye is failing rapidly”.
That in Part II of said application, designated “Attending Physician’s Report,” Dr. J. N. Thiel gave an accurate description of the nature and extent of claimant’s disabilities, including all objective signs, to be as follows:
“Retinitis and choroiditis of right eye and also left.”
Respondent further alleges that said application for additional compensation related to the same condition from which relator was suffering when he filed his original application on September 25, 1929.
Respondent further avers that the order of January 26, 1937, was not an appealable order going to the basis of relator’s right and that relator has no right to a rehearing under the provisions of §1465-90 GC.
This third defense in substance avers that the petition fails to state facts sufficient to constitute a cause of action..
The fourth defense in substance contains the same averments as the third, in slightly different language.
Relator filed no reply*.
The case came on for trial and following the presentation of evidence and filing of briefs, the trial court denied plaintiff’s prayer for writ of mandamus and dismissed the petition.
Thereafter the necessary steps were taken through which the case was regularly lodged in our court.
Relator-appellant’s assignment of errors is set out under three separately stated and numbered specifications, but these may be summarized under the single heading that the action of the court was contrary to the evidence and the law.
Counsel for appellant argue at length and very earnestly that the action of The Industrial Commission in not allowing his claim and refusing a rehearing was a denial on jurisdictional grounds and that under the provisions of §1465-90 GC the mandatory duty rested upon the Commission to order a rehearing.
Counsel for appellee take issue with appellant and urge further that the proceeding before the Commission under the second application for adjustment of claim was the identical question presented under the first application, and the Commission having denied the claim on jurisdictional grounds, and relator not having filed application for rehearing in thirty days, that he can not, through a second application, have a reconsideration or redetermination of the identical question previously passed upon by the Commission.
If this were a new question, a very thorough analysis of the Code would be essential. However, the Supreme Court has very definitely passed upon the question and all that is necessary on this phase of the case is to make reference to these reported decisions. The cases to which we refer are:
Industrial Commission of Ohio v Glenn, 101 Oh St 454;
State ex rel. Randolph v Industrial Commission, 128 Oh St 27;
State ex rel. Szalay v Industrial Commission, 130 Oh St 269.
The last case is most directly in *360 point and we now quote the fourth ■syllabus:
“Upon failure to file an application for rehearing within the statutory period of thirty days after .notice of the dismissal of his application for modification of award, a claimant cannot revest himself of his lost right by resort to a subsequent application for modification of award involving the same ■claim.”
The factual situation in this 'Szalay case is the same as raised in the instant case. On page 279 of rhe opinion Judge Weygandt, speaking for the Court, near the bottom of the page makes the following observations:
“From the foregoing discussion it is readily apparent that counsel for the relator should have prepared to appeal the matter by filing the statutory application for rehearing within thirty days after ■notice of the dismissal of the first, application for modification. Having failed to perform this duty, the right thus lost cannot be revested by resort to a subsequent application for a modification involving the same claim. State ex rel. Randolph, v Industrial Commission, 128 Oh St 27, 190 N. E., 217; Industrial Commission v Glenn, 101 Oh St 154, 129 N. E. 687.”
We have no difficulty in determining that where a claimant’s application or his application for modification of award is denied and he fails to take the necessary steps seeking a rehearing within thirty days, that he may not by subsequent application covering the same question, revest his right for further hearing.
As this principle affects the instant case, we inquire whether or ■not this second application for adjustment of claim was the same as was presented in the first application.
The bill of exceptions presents all essential facts from which this question may be determined. We might at this time state that counsel for relator urge that the two applications are not the same. It is relator’s claim that the first application related to the impaix*ment of the left eye, whereas the second application refers to an impairment of the right eye.
The original application upon which relator presented his claim and was allowed compensation was an injury to .both eyes caused by flashes from a welder. Compensation paid at this time covered a very short period of time, after which claimant returned to work. Almost five years later, towit, September 22, 1934, relator filed application for further compensation. This application was filed on a blank designated C-l, the form ordinarily used on new applicatioxis. Six days later, on September 28, 1934, claimant filed his application upon the proper form, designated as C-85. In the application incorrectly presented oxi the C-l form, in answer to question 18, he stated the following:
“Q. State fully nature of injury?
A. Choroiditis and retinitis, macula hemorrhage from electric flashes in left eye, with 90% loss of vision -in left eye.”
The substituted claim filed on the proper blank six days later, among other things, states in substance that he asks a modification of the former award for the following reasons:
“Further complications arising from original injury.”
*361 In answer to question 5 is found the following:
“5. Q. If you have not returned to work, state why.
A. I quit work on September 21, 1934, because of eye trouble resulting from the same injury. I have not as yet returned to work because the condition of my eyes does not permit.”
£ Filed at the same time as the [application was the statement of 'claimant’s physician, Dr. J. N. ‘Thiel. This is on the required blank provided by the Commission. In this report of the physician, he says that claimant has been under his treatment for the past three years. Question and answer 6 are as follows:
“Q. Has injury resulted in a permanent disability?
A. Yes.
Q. If so, what?
A. Loss of vision of left eye.”
Question and answer 8 read as follows:
“Q. If disability still continues, state what has caused disability beyond the date estimated in former report.
A. Hemorrhages of retina, choroiditis. This is the result of ■electric flashes.”
The claimant was referred to Dr. Derrick T. Vail, an eye special-. 1st of Cincinnati, and on November 25, 1934, he made his report ishowing examination of both eyes and stated that the left vision continued to get worse and in the past three months he has not been able to see anything but light. Right vision has stayed about the same.
This report also contains the following finding:
“Whatever the etiology, your consultant is of the definite opinion that it is non-traumatic in origin. The effect of ultra-violet or infra-red or a combination of the two would not have produced a lesion such as he shows.”
The report also says that the per cent of vision present was right eye, 98.6%; left eye, 06.6%.
Dr. Dorr’s report of January 15, 1935, contains -the finding that the impairment of vision is the result of disease rather than the result of injury.
On October 17, 1935, the Commission entered the following order:
“That the application for modification of award be dismissed; that the Commission find from proof of record that claimant has failed to prove that he is suffering any disability as the result of an injury sustained in the regular course of and arising out of his employment ' with the employer named.”
On October 15, 1935, claimant was notified of the finding.
No application for rehearing was filed following this order and notification.
On December 19, 1935, claimant filed his second application. In this application he makes specific reference to failing sight in the right eye. In Part II of the application is presented his physician’s, Dr. J. N. Thiel’s, report as follows:
“Retinitis and choroiditis of the right eye and also left.”
On January 13, 1937, the Commission denied claimant’s second application on the ground that it presented the identical question determined by the Commission in its order on the first application,
While it is unquestionably true that in the first application em *362 phasis was placed on the failing sight of the left eye, whereas in the second application the claim is based on failing sight of the right eye, both relate to the same history and the same character and cause of injury. There can be no question under the record that the Commission had under consideration the causal relation between the original injury and the failing sight of the left eye at the time of the hearing. That there was failing sight of the left eye is unquestioned. The medical report and the finding clearly indicate that the claim was disallowed because the condition was the result of disease and not traumatic in character.
The mere fact that at the present instance the claim is based on failing sight of the right eye, which was only slightly involved at the time of the hearing on the first application for modification, can not change the basic legal principle involved. We are unable to find that the trial court erred in his findings and conclusions.
The judgment will be affirmed and costs will be adjudged against the appellant. Cause remanded for collections of costs and any other proceeding authorized by law.
GEIGER, PJ., HORNBECK, J„ concur.