OPINION
By BARNES, J.
The above-entitled cause is now being determined on relator’s application for a writ of mandamus commanding the respondent to inquire into the extent of relator’s disability, if any, as a result of the *346 injuries sustained on July 9, 1925, and for such other and further relief as may be just and equitable.
The case is submitted on the petition of the relator, the answer of the respondent, evidence submitted by agreement and being the file • of The Industrial Commission in re the claim of relator, realtor’s brief, respondent’s answer brief and relator’s reply.
From the pleadings and evidence we find that on July 9, 1925, relator was employed by the Duro Pump and Manufacturing Company, in Dayton, Ohio, and that said firm was a subscriber to the state insurance fund and was complying with the provisions of the Workmen’s Compensation Law; that on said date and while in the course of his employment relator sustained injuries arising out of his employment. On October 20, 1925, relator filed his application for compensation with the defendant, which application was received and assigned by the defendant Claim No. 1012211. The claim came on for hearing and the respondent assumed jurisdiction and paid temporary total compensation to December, 1926, in the amount of $1333.92, and temporary partial compensation in the nature of impairment of earning capacity to March 31, 1927. When the Commission first allowed the claim it fixed payments in weekly sums, based on claimant’s average weekly wage prior to the accident, and designated a fixed period through which the weekly payments should run unless it should earlier appear that the claimant had recovered and returned to work. At the time of the order claimant was advised that if he did not recover within the time fixed, certification of such fact should be made by his attending physician on a blank form furnished by the Commission. Such certifications were made by the claimant’s attending physician., and from time to time weekly payments continued until the said date of December, 1926.
On February 26, 1926, claimant filed on Form C-85 application for modification of award. The Commission’s file shows that this application was under, consideration for more than a year, during which time claimant was referred to different physicians, and on March 15, 1927, the Commission made the following order:
“That compensation of 50% of claimant’s earning capacity be paid from date of last payment to date and continue to April 1, 1927, and claimant advised present disability, if any, is due to conditions other than result of Injury and that no further compensation will be considered after that date.”
Claimant was promptly and duly notified of the order of the Commission. The weekly payments were continued, as per the order, until April 1, 1927. Claimant took no further action for about nine and a half years, and then, on August 24, 1936, filed with the Commission a second application for modification of award, the same being filed on Form C-85. In this application' claimant sets out his reasons for requested modification in the following words and figures:
“I have been totally disabled since March 31, 1927, date of last payment of compensation, and am permanently and totally disabled for the rest of my life on account of the injuries sustained on July 9, 1925. I desire that my claim be heard and that compensation be granted me from March 31, 1927, to date, and as long as disabilitity as a result of the injury continues.”
Again the file discloses that the *347 Commission had the application for modification under consideration until March 19, 1937, during which time claimant was referred to medical experts and other evidence taken relative to claimant’s physical condition. On March 19, 1937, the Commission made the following order:
“It appearing herein that the Commission found on March 15, 1927, that claimant’s condition after April 1, 1927, was not the result of this injury and that no application for rehearing was filed at that time; and further that the case has not been reopened in any manner since that time. It appearing further that on February 17, 1937, an ambulance bill in the amount of $7.00 was paid to the Marker Funeral Home, 2218 North Main Street, Dayton, Ohio, in error; it is now the order of the Commission that the order of February 17, 1937, be revoked and that the Marker Funeral Home be required to make refund of the $7.00 to The Industrial Commission.”
Within thirty days claimant filed a petition in the Common Pleas Court of Montgomery County, Ohio, which was in the nature of an appeal. All parties apparently were under the impression that this was an appropriate procedure, but the admitted facts disclose that §1465-90 GC, had been amended before the original claim was filed and hence the procedure would be controlled by the provisions of the amended section. The amended section, unlike the earlier section, provided that as a condition precedent to the filing of an appeal in the Common Pleas Court it is necessary to first file within thirty days from the Commission’s order an application for rehearing. The courts have definitely determined that the statutory provisions as they exist at the time of the filing of the original claim are controlling.
State, ex rel. v Industrial Com., 135 Oh St 166.
Industrial Com. v Vail, 110 Oh St 304.
Slaughter v Industrial Com., 132 Oh St 537.
McHale v Ind. Com., 63 Oh Ap 479.
Tyler v Rebic, 27 Oh Ap 315.
Holder v Goodrich Co., 23 Abs 486.
The Attorney General finally filed in the Common Pleas Court of Montgomery County a motion to dismiss claimant’s petition on the ground that the Court had no jurisdiction. The complete file of the proceedings before the Montgomery County Court is not before us, but there is contained in the file submitted in evidence a certified copy of the journal entry.
This entry might indicate that the motion was made upon the ground that the Commission had a continuing jurisdiction,, and the order of the Court, in addition to dismissing, contained provisions that the matter should be referred back to the Commission for further consideration and determination of claimant’s injuries.
The law is well recognized that if a Court had no jurisdiction to hear, it would have no jurisdiction to make any orders other than an order of dismissal. It is obvious that the Court had no jurisdiction to hear the appeal for the reason that the provisions of the Code requiring a rehearing had not been complied with. Any, provisions of the journal entry other than the dismissal for want of jurisdiction would be null and void.
*348 *347 This condition placed claimant *348 in a very unfortunate situation. The thirty days within which application for rehearing should be made, had expired. His attempted appeal to the Common Pleas Court without first making .his application for rehearing, would not toll the running of the statute. The action of the Common Pleas Court dismissing the petition was on December 17, 1938.
On January 21, 1941, claimant filed his motion with the Industrial Commission that his claim be further considered on his application for modification of award of August 24, 1936.
On May 13, 1941, the Industrial Commission denied claimant’s motion as having been already passed upon. Subsequent to this time numerous other motions and applications were filed by relator, but all were similar in import to the motion of January 24, 1941, in that they all sought to have the Commission pass upon the application for modification of award of August 24, 1936. The Commission denied all of such motions and applications on the theory that it had previously passed upon them.
On December 2, 1941, relator filed his petition in our Court, asking for a writ of mandamus.
As we view the issues in the light of the record, the following questions are presented for our determination :
1. Whether or not the order of the Industrial Commission of March 15, 1927, was an appealable order from which the relator could have perfected an appeal within thirty days, under §1465-90 GC.
2. Whether the Commission was correct in denying relator’s application for modification of award by reason of the fact that claimant had failed tó file his application for rehearing within thirty days from the Commission’s order under date of March 15, 1927.
3. If questions 1 and 2 should be decided against the Commission, was the order of March 19, 1937, a denied of relator’s claim on jurisdictional grounds which would require claimant to file application for rehearing within thirty days.
4. Other kindred questions culminating in what should be the order of this Court.
We now take up these several questions in the order named.
The order of the Commission, under date of March 15, 1927, is set forth on a previous page of this opinion.
There certainly can be no doubt that that part of the order wherein it states “present disability, if any, is due to conditions other than result of injury and that no further compensation will be considered after said date”, standing alone is a denial on jurisdictional grounds.
Humphries v Wheeling Steel Corporation, 132 Oh St 263.
State, ex rel. Thompson v Industrial Commission, 138 Oh St 439.
State, ex rel. Randolph v Industrial Com., 128 Oh St 27.
State, ex rel. Cezkovsky v Industrial Com., 126 Oh St 434.
McManus v Industrial Commission, 66 Oh Ap 14.
Counsel for relator argues that the earlier provisions of the order wherein the Commission recognized the impairment of claimant’s earning capacity and ordered compensation to be paid from the date of last payment to April 1, 1927, was a recognition of the application for modification of award, and that the closing words of the order quoted are nothing more than a determination of the ex *349 tent of the injury, and that therefore the order was not appealable.
The order of the Commission, under date of March 15, 1927, in addition to what has already been quoted therefrom, under a heading “Compensation to be paid”, contains the following:
“At the rate of $9.55 per week, beginning December 27, ’26, to March 31, ’27, 13.4 weeks, $129.61.”
This detail in addition to the previously quoted language from the order, disclosed that the weekly payments for impairment of earning capacity would extend some fifteen or sixteen days beyond the date of the order.
In our judgment the order is separable and we think the file submitted in evidence warrants our conclusion. The gravamen of relator’s claim, as shown by the supporting evidence relating to the application for modification, went to his right for continuing compensation as to temporary total disability or permanent total disability. The wage impairment was only incidental, and as we view it, was brought into the record by reason of the fact that no allowance had previously been made under this classification. .
It is our judgment that this order of March 15, 1927, was an appealable order, and that as a condition precedent claimant should have filed his application for rehearing. This would not necessarily divest the Commission of further jurisdiction, if upon a proper application it would be shown that changed conditions other than those passed upon by the Commission had arisen. After the Commission once assumes jurisdiction and allows compensation, such jurisdiction is continuing for a period of at least ten years. Through legislative enactment it is provided that no claim may be presented for modification of award where no payments have been, made for a period of ten years.
We now go to question 2. Was the Commission correct under its order of March 19, 1937, in denying claimant’s application for modification of award, filed August 24, 1936, on the stated ground that the Commission had determined the same question on March 15, 1927?
Counsel for claimant frankly states that the long period of time elapsing between the last payment and his 1937 application for modification, was due to the fact that claimant was under an erroneous impression, and possibly had been misinformed, as to his rights.
The rule of law is well grounded in this state that where a question is once passed upon and no appeal taken, claimant may not revest himself of any rights by filing an application for modification of award.
We very recently had this question and found the Ohio authorities universal in their holding.
State, ex rel. Szalay v Industrial Com., 130 Oh St 269.
State, ex rel. Randolph v Industrial Com., 128 Oh St 27.
Industrial Com. v Glenn, 101 Oh St 454.
This leaves the question as to whether or not the hearing under the application of August 24, 1936, decided March 19, 1937, was the same as the Commission’s order under date of March 15, 1927.
Claimant’s application filed August 24, 1936, states that he filed his application for modification of award for the following reasons:
“I have been totally disabled since March 31, 1927, date of last *350 payment of compensation, and am permanently and totally disabled for the rest of my life on account of injuries sustained on July 9, 1925. I desire that my claim be heard and that compensation be granted me from March 31, 1927, to date, and as long as disability as result of the injury continues.”
It will be observed that claimant states that he has been totally disabled since March 31, 1927, date of last payment of compensation. This date is only one-half month subsequent to the Commission’s order under date of March 15, 1927. The Commission had this application under consideration for almost seven months. The file presented in evidence is replete with written evidence, mostly by medical experts, including claimant’s attending physician, and other evidence from which we are able to glean the basis of plaintiff’s claim. It is manifest that plaintiff was in a much worse condition in 1937 than he was in 1927, yet his incapacity is of the same general character. It is evident that his trouble is progressing.
We think the evidence warrants the conclusion that the physical condition manifest at the time of the hearing and culminating in the order of March 19, 1937, was of the same general character as was present when the Commission made its order on March 15, 1927.
Under this situation the Commission was warranted in making its order of March 19, 1937, denying the claim on the ground that it had determined in March, 1927, that claimant’s condition was not the result of the injury for which compensation had been paid.
The third question presents the inquiry as to whether or not the order of March 19, 1937, was an appealable order.
This question is not argued in the briefs of counsel. Furthermore, under our determination of questions 1 and 2, it would not really be necessary to be determined. It presents itself to our minds due to the fact that in other similar cases submitted to us, the procedure has been followed of filing an application for rehearing even where the Commission denies the claim upon the ground that it had previously decided the identical question. We are inclined to think that this is the better practice, and if necessary might go to the point of saying that it is requisite before a chancery court would issue a writ of mandamus. This is upon the theory that relator has not pursued all his remedies to the limit.
When the Commission in its order in 1937 denied the claim on the ground that it had previously determined the same question, we are inclined to the view that this is a denial on jurisdictional grounds. This being correct, then the application for rehearing should be filed. In all probability the Commission would follow its former conclusions and deny a rehearing. However, the Commission might change its mind and grant the rehearing, as was done in one instance to which our attention has been called. If the Commission denies the rehearing, then relator has pursued every remedy known to the law, and may properly file, his action in mandamus, and it would be up to the Court to determine whether or not the Commission was right in denying the application for rehearing. If the Court should hold that the Commission was in error, then it would remand the case, with instructions to rehear as per the application of claimant. In the instant case we have some difficulty in following the prayer of relator’s petition.
We are unable to conclude that *351 the record presents any justifiable complaint that the Commission did not hear the application for modification. The real complaint is that after a full hearing the Commission made an order which relator thinks is not warranted under the evidence.
To say the least, the procedure of filing an application for rehearing presents a more orderly procedure.
■ At this time we will make no •definite determination under this question 3, but will leave it for some future occasion ' when the question is raised and briefed and thereby we will have the benefit of the views of counsel.
Counsel for relator throughout the brief argues at length that action by the Commission admits jurisdiction. The question is asked if the Commission is correct in finding no jurisdiction to determine because the question had previously been passed upon, why did they consider the application for modification of award and take evidence therein and pay out various attending charges in the making of its examination. Further, that if the Commission’s position was correct, why did they not immediately upon the filing of the application make the order, - just as they eventually did? Whether or not the Commission had this particular thought in mind it nevertheless is true that it was first necessary to determine whether or not a new and changed condition existed before it would make the order it did. It may be and probably is true that it would not have been necessary for the Commission to prolong its investigation to the extent it did, but regardless, the ultimate question is whether or not the condition of relator which the Commission was then inquiring into, was the same in substance as it had previously adjudicated.
A writ of mandamus is an extraordinary remedy, never to be issued except where the right is clear. It is very unfortunate that we find it necessary to decide this case on purely procedural grounds, but we find that we can not do otherwise. The writ will be denied.
GEIGER, PJ., concurs.
HORNBECK, J., concurs in judgment.