## STATE ex SHAFFER, Relator v. INDUSTRIAL COMMISSION, Respondent.

Ohio Appeals, Second District, Franklin County.

No. 3630. Decided November 3, 1493.

Carrington T. Marshall, Columbus; R. N. Larrimer, Columbus, for relator.

Thomas J. Herbert, attorney general, Columbus; Robt. E. Hall, asst. atty. general, Columbus, for respondent.

## OPINION

By BARNES, P. J.

The above-entitled cause is now being determined on the pleadings, evidence, oral argument and briefs of counsel. The action is one of mandamus, praying that a writ issue to compel the Industrial Commission to grant to relator a rehearing upon his application filed with the commission on August 13, 1942, and pursuant to the continuing jurisdiction of the commission on a claim for additional compensation under authority of §1465-86 GC.

The petition, after the usual formal allegations, among other things alleges that on the 3rd day of June, 1930, the

Robinson & Sons Sewer Pipe Company was a corporation duly organized and existing and licensed to do business in the State of Ohio, and that said corporation was amenable to and fully insured in the Workmen's Compensation Fund of Ohio. It is further alleged that on said 3rd day of June, 1930, in the usual course of his employment, the relator, George L. Shaffer, sustained a crushing injury to his abdomen and a rupture of the abdominal muscles and the development of a hernia; that as a direct and proximate result of the hernia he developed phlebitis in his leg and has been left in a permanently crippled condition, and as a result of phlebitis, surgery was required to correct said condition.

The relator further alleges that he duly filed with the commission his claim for compensation; that the claim was allowed and compensation paid from the date of injury to November 29, 1931, in the amount of $1235.82, and medical bills were paid in the amount of $319.75.

It is further alleged that as a result of the phlebitis, which resulted directly and proximately from the injury of June 3, 1930, claimant had to have his leg amputated; that on November 26, 1941, and within ten years from the last date of payment of compensation he filed with the commission, application for modification of award, asking them to pay for the permanent partial loss resulting from the amputation of his leg as provided by §1465-80 GC; that the Industrial Commission considered said application and disallowed same for the reason that the loss of his leg was not due to his injury of June 3, 1930, with the following order:

"It appearing that claimant filed an application for additional compensation on November 26, 1941, and an amended application for additional compensation on June 25, 1942, and it further appearing that claimant is claiming compensation as the result of a phlebitis condition and alleging such to be the result of his injury of June 3, 1930, it is the finding of the commission that the relationship of the phlebitis and the injury was the very issue involved in the rehearing proceedings in this claim and that all of the issues involved in the rehearing were adjudicated by the commission's order of Feb. 7, 1942; it is therefore, ordered that the application for additional compensation filed Nov. 26, 1941, and the amended application for additional compensation filed June 25, 1942, be dismissed."

The relator further alleges that this was a final order denying him the right to continue to participate in the State Insurance Fund on a ground going to the basis of his right; within thirty days he filed his application for rehearing but the Industrial Commission refused to grant him a rehearing and refused to order the claims set down for the taking of testimony as provided in §1465-90 GC, although repeatedly requested so to do.

The prayer of the petition seeks a mandatory writ, ordering the commission to grant a rehearing, etc.

Defendant's answer sets out five separately numbered and stated defenses. In the oral argument Nos. 4 and 5 were withdrawn. The first defense contains admissions of the allegations of the petition with a denial of all allegations not specifically admitted to be true. Counsel for relator calls attention to the fact that the answer does not admit and therefore denies that the allegations in relator's petition, as to the fact of application for rehearing and the commission's action thereon. Counsel for the commission in oral argument admitted these allegations.

In addition the evidence amply supports the second defense of the answer, which avers that on June 7, 1932, the respondent found upon proof of record that it had assumed jurisdiction, of the claim, inquired into, heard and determined the extent of disability of claimant-relator and fixed the amount of compensation to be paid and paid same; thereafter, on June 27, 1932, relator filed an application for rehearing, which came on for hearing on March 13, 1933, having been set down for the taking of testimony as provided in §1465-90 GC.

The answer further avers that in compliance with the above order testimony was taken before a duly appointed referee, continuances were had, and on May 20, 1933, a copy of the transcript of testimony as taken was sent to counsel for claimant-relator. That on February 18, 1936, respondent notified counsel for claimant that the taking of testimony on his application for rehearing had been continued at his request of May 3, 1933, and requested him to advise what his intentions were regarding same; that on March 4, 1936, a motion to dismiss the application for rehearing for want of prosecution was filed by counsel for respondent and set down for hearing on March 16, 1936; notice of such hearing was given to claimant and his counsel; that on March 16, 1936, motion was heard and granted on the following order:

"Motion of counsel for the State Insurance Fund to dismiss the application for rehearing filed herein for want of prosecution be sustained."

Respondent further says that claimant and his counsel were notified of the action of this respondent and that no further proceedings were filed by claimant until November 26, 1941.

Respondent says that by reason of the foregoing, the relator is guilty of laches.

Respondent's third defense is in substance a demurrer alleging that the relator did not state facts sufficient to constitute a cause of action. The pleadings are clarified through the evidence, oral argument and briefs of counsel. The particular matter concerning which respondent makes reference in the second defense of its answer was by reason of an application for modification of award on ground of claimed new condition and development of phlebitis.

The briefs and record may present some further confusion due to the fact that two days following the filing of the application for modification of award on November 26, 1941, counsel for relator filed with the commission application to set aside its former order dismissing the earlier application for failure of prosecution. The commission on hearing refused to grant the motion and nothing further was done relative thereto.

The predicate for the present action in mandamus is relator's application dated November 26, 1941. This is only three days previous to the expiration of the ten year limitation. Under the statute it is provided in substance that no claim for additional compensation or modification of award may be allowed unless brought within ten years following the last payment.

While the application of November 26, 1941, was very general in its terms, as will be noted from the following:

"Now comes the claimant G. L. Shaffer and asks the Commission to grant him permanent total compensation from November 29, 1931, to date, as he has been totally disabled during this period,"

the amendment filed June 25, 1942, is more specific and reads as follows:

"Now comes the claimant G. L. Shaffer and asks the Commission to grant him permanent total compensation from 11-29-31 to date, as he has been totally disabled during this period; claimant is suffering from heart trouble and weakened abdominal wall, both of which came from the injury and the operation to repair same."

Counsel for respondent in their brief and in oral argument stress the claim that the action of the commission in denying relator's motion to open up the dismissal order for failure to prosecute was a final order and that the failure of claimant to make application for rehearing therefrom should bar consideration of the application of November 26th. We are unable to follow counsel's reasoning.

We think that the action of the commission in dismissing the application for rehearing for failure to prosecute was proper under the circumstances and that the application to open up was entirely within the discretion of the commission and under the conditions their refusal to grant the motion would not be an abuse of discretion. We think the law is well established that an application for modification of award and additional compensation can only be instituted under changed conditions, or, in other words, developments not ascertainable at the time of the original award, but when developed, traceable as a result of the original injuries. We know of no reason why under the law more than one application may not be made if brought under the claim of changed conditions, as above mentioned. We furthermore think that the law is well defined that claimant may not have more than one hearing for the identical claimed new condition. We so held in the case of **State ex Randall, Relator v. The Industrial Commission, 37 Abs 345**, and also in the case of **State ex Reis v. Industrial Commission, 37 Abs 355**. The Supreme Court in the case of **State ex rel. v Industrial Commission, 130 Oh St 269**, made the following pronouncement in syllabus 4:

"Upon failure to file an application for rehearing within the statutory period of thirty days after notice of the dismissal of his application for modification of award, a claimant cannot revest himself of his lost right by resort to a subsequent application for a modification of award involving the same claim. (Paragraph 2 of the syllabus in the case of **State ex**

Randolph v. Industrial Commission, 128 Oh St 27, 190 N. E. 217, approved and followed.) (Decided December 18, 1935.)

On this question the sole proposition is whether or not the application for modification of award filed November 26, 1941, and amended June 25, 1942, seeks a modification for the same claimed change in condition from a previous determination by the Commission. Counsel for relator throughout their brief and in oral argument argued at length that this claimed changed condition has no relation to the previous application of relator for modification of award and the action thereon dismissed for failure to prosecute.

In our judgment the application and the amended application clearly refer to other claimed changed conditions than were embraced in the first application. What may be developed under the evidence we cannot at this time have any knowledge. Under the state of the record we are constrained to the view that the commission's denial of a rehearing was on jurisdictional grounds and therefore it was in error in not granting claimant's application for rehearing.

This being a clear right he is, therefore, entitled to his writ. Many other questions are discussed in briefs of counsel, but we have sought to cut through and reach the meat of the situation.

Entry may be drawn accordingly, cost will be adjudged against the respondent.

HORNBECK and GEIGER, JJ., concur.